UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUSTIN HAPENNY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEBT MANAGEMENT, INC. )<br>d/b/a CAPITAL RECOVERY SYSTEMS )<br>and JOHN DOE )<br>Defendants. )<br>) | Civil Action No. |

## COMPLAINT

### INTRODUCTION

The plaintiff, Dustin Hapenny, brings this action under the Fair Debt Collection Practices Act ("FDCPA") against the debt collectors Debt Management, Inc. and its employee collector. The defendants invaded the plaintiff's privacy and harassed the plaintiff in an attempt to collect a debt. The plaintiff brings this action for actual damages, statutory damages, and other relief against the defendants.

### PARTIES

1. Plaintiff Dustin Hapenny is an individual consumer residing in Brockton, Massachusetts.

2. Defendant Debt Management, Inc. d/b/a Capital Recovery Systems ("Debt Management") is a domestic corporation with its principal address at 249 South Street, Plainville, MA 02762.

3. Debt Management is engaged in trade or commerce and is engaged in business which has as its principal purpose the collection of debts.

1

4. Debt Management regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts.

5. Debt Management is a debt collector as defined by 15 U.S.C. § 1692a(6).

6. On information and belief, Defendant John Doe ("Mr. Doe" or the "collector") is an individual collector employed by Debt Management.

7. On information and belief, Mr. Doe regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts, and is a debt collector as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Venue in this district is proper as the plaintiff resides in this district.

## FACTUAL ALLEGATIONS

10. At all times relevant hereto, the defendant was attempting to collect an alleged debt or debts from the plaintiff (hereinafter "debt").

11. The debt was allegedly incurred by the plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. On or about December 14, 2011, the defendant John Doe called the plaintiff's grandmother, Harriet Hapenny, at her home.

13. The collector was at all relevant times, acting within the scope of his employment and/or with actual or apparent authority from Debt Management.

14. The plaintiff does not live with his grandmother.

15. The collector told Ms. Hapenny that his name was "Adam Nix" and that he was calling regarding a debt owed by the plaintiff.

16. The collector told Ms. Hapenny that it was important that he hear from the plaintiff in order to avoid a lawsuit regarding the debt.

2

17. At the time of the call, Ms. Hapenny had no knowledge of the plaintiff's whereabouts or contact information. When she told the collector this, the collector persisted in demanding information from Ms. Hapenny, insisting that she indeed knew the plaintiff's whereabouts and contact information.

18. Ms. Hapenny continued to state that she did not have the information that the collector was seeking and told the collector not to call her again.

19. On or about December 17, 2011 the collector called the plaintiff's mother at her home in Texas.

20. The plaintiff does not live with his mother.

21. The collector told the plaintiff's mother that his name was "Adam Nix" and that he was seeking to contact the plaintiff in order speak with him regarding an outstanding debt that could result in a lawsuit.

22. The collector pressed the plaintiff's mother for information on the plaintiff's whereabouts.

23. The plaintiff's mother refused to provide any information and told the collector not to call her again.

24. Despite the refusals, the collector continued to harass the plaintiff's mother.

25. Prior to ending the call, the collector reiterated that the plaintiff needed to contact him in order to avoid a lawsuit.

26. The defendants' unlawful acts caused the plaintiff damages including, but not limited to, emotional distress damages.

## CLAIM FOR RELIEF

### Count I

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates and realleges the foregoing paragraphs.

28. The defendants communicated, in connection with the collection of a debt, with persons other than the plaintiff, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. § 1692c(b).

29. The defendants made false, deceptive, and misleading statements in connection with the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(10).

30. The defendants threatened to take action that could not legally be taken or that it did not intend to be take in violation of 15 U.S.C. § 1692e(5).

31. The natural consequence of the defendants' conduct was to harass, oppress, or abuse the plaintiff in violation of 15 U.S.C. § 1692d.

32. The defendants' actions caused the plaintiff damages.

33. Pursuant to 15 U.S.C. § 1692k, the plaintiff asks the Court to award him statutory damages of $1,000, actual damages, declaratory relief the defendants' conduct violated the FDCPA, reasonable attorney's fees, and the costs of this action.

WHEREFORE, the plaintiff, Dustin Hapenny, respectfully requests that this Court:

A. Enter judgment for the plaintiff against the defendants for actual damages pursuant to 15 U.S.C. § 1692k.

B. Enter judgment for the plaintiff against the defendants for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

C. Enter judgment Declaring the defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

D. Award the plaintiff reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

E. Grant such other relief that the Court deems just.

### JURY DEMAND

The plaintiff demands a trial by jury on each count so triable.

Respectfully submitted, this 5 th day of January, 2012.

DUSTIN HAPENNY,

by his attorney,

John B. O'Donnell, BBO# 673351
Nicholas F. Ortiz, BBO# 655135

306 Dartmouth Street
Suite 501
Boston, MA 02116
(617) 716-0282